# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDS PROPERTY CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TIFFANY CHOW, <br><br> Defendants. | Case No.: 8:18-cv-01390-JVS(ADSx) <br><br> Assigned to the Hon. James V. Selna <br><br> **DECLARATORY JUDGMENT AFTER ORDER GRANTING IDS PROPERTY CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON COMPLAINT** <br><br> FPC Date: April 23, 2019 <br> Time: 1:30 p.m. <br> Ctrm: 10C <br><br> Filing Date: August 8, 2018 <br><br> Trial Date: May 7, 2019 <br> Discovery Cut-off: January 22, 2019 <br> Motion Cut-off: March 19, 2019 |

The Court, having entered its order granting Plaintiff IDS Property Casualty Insurance Company's motion for summary judgment [Doc. #39];

IT IS HEREBY ADJUDGED:

FACTS

1. IDS Property Casualty Insurance Company ("IDS") is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant Tiffany Chow is a resident of the State of California. At issue is Ms. Chow's claim for underinsured motorist benefits of $150,000.

2. On February 9, 2018, Ms. Chow suffered injuries as a passenger in a single-vehicle accident. The vehicle was insured by AAA which paid her its liability limit of $100,000.

3. At the time of the accident, Ms. Chow had her own automobile insurance policy issued by Safeway Insurance Company. The Safeway policy did not provide uninsured or underinsured motorist coverage.

4. At the time of the Accident, IDS had issued automobile insurance policy no. AI03299713 to Sabrina Chen and Larry Chen ("the Policy"). IDS understands Sabrina Chen is Ms. Chow's mother. The Policy provides liability and uninsured motorist coverage for an "insured" with a "per person" limit of $250,000.

5. The Policy obligates IDS to "pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of: 1. 'Bodily injury' sustained by an 'insured' and caused by accident . . . ."

6. The Policy defines "uninsured motor vehicle" to include "an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."

7. The Policy defines "insured" as "you [*i.e.*, Ms. Chen, as the named insured] or a 'relative.'" "Relative" is defined as "a person related to you by blood, marriage, registered domestic partnership under California law or adoption who is a resident of your household and whom you have previously reported to us. This includes a ward or foster child."

8. After the Accident, Ms. Chow presented an underinsured motorist claim under the Policy. In presenting the claim, Ms. Chow represented that she was Ms. Chen's daughter and was residing in her household. Ms. Chow contends she was residing in Ms. Chen's household – at 129 Painted Trellis, Irvine, CA 92620 – even though Ms. Chow's own policy, with Safeway, showed her residence address as 19492 Sierra Raton Rd., Irvine.

9. In a phone call on November 28, 2017, Ms. Chen told IDS: "[Tiffany] is not going to live with me anymore." Instead, she would be living with her father.

10. Contemporaneous notes made by IDS at the time of the phone call show that IDS understood that Ms. Chen wanted Ms. Chow removed from the Policy and, on November 29, 2017, Ms. Chen called to verify that Ms. Chow had been removed.

11. Because IDS' named insured – Ms. Chen – had told IDS that Ms. Chow was not residing in her household, IDS determined that Ms. Chow did not qualify as an "insured" under the express terms of the Policy. However, IDS recognized that California has an uninsured motorist insurance statute that establishes minimum requirements for uninsured motorist coverage. Because the statute provides that coverage is to extend to resident relatives without limiting such coverage to resident relatives who had been disclosed, IDS understood that Ms. Chow nevertheless qualified as an "insured" for purposes of the mandatory statutory coverage. However, because the statutory uninsured motorist limit is $30,000, which is less than the amount of insurance covering the vehicle in which Ms. Chow was riding, she was not injured by an "underinsured motor vehicle."

3

CONCLUSIONS OF LAW

1. The Court has jurisdiction pursuant to 28 U.S.C. §1332.

2. Ms. Chow is not an "insured" pursuant to the express terms of the IDS policy.

3. Although Ms. Chow may qualify as an "insured" under California's uninsured motorist statute (Cal. Ins. Code §11580.2), the limit available to her under the statute is $30,000.

4. Because the uninsured motorist limit potentially applicable to Ms. Chow is $30,000, which is less than the liability limit of the driver who caused her injuries, she was not injured by an "underinsured motor vehicle".

5. As the prevailing party, IDS is awarded its costs of $ _____.

Dated: June 26, 2019

_____
Judge, United States District Court
Andrew J Guilford